# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.                              Case No: l:21-CV-00363-KG-KRS

ALBUQUERQUE-AMG SPECIALTY HOSPITAL,
LLC, and ACADIANA MANAGEMENT GROUP,
LLC d/b/a AMG Integrated Healthcare Management
Hospital System,

    Defendants.

---

## CONSENT DECREE

---

## I.   RECITALS

**1.**     This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("EEOC"), an agency of the United States, alleging that Defendants, Albuquerque-AMG Specialty Hospital, LLC ("Albuquerque-AMG"), and Acadiana Management Group, LLC d/b/a AMG Integrated Healthcare Management Hospital System ("AMG") engaged in unlawful sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* by (1) subjecting Moriah Smith to a hostile work environment because of sexual harassment by a managerial official of Albuquerque-AMG in the Albuquerque, New Mexico facility; and (2) by forcing Moriah Smith to resign her employment because of alleged sex harassment, including the Defendants' failure to remedy or prevent the sexual harassment of Moriah Smith.

2.     The Parties to this Decree are the Plaintiff EEOC and the Defendants Albuquerque-AMG and AMG ("Defendants").

3.     The Parties, desiring to settle this action by a Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendants.

4.     As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.  Entry of this Consent Decree results in final, complete and full settlement of the claims and remedies at issue except to the extent any remedy for non-compliance is necessary pursuant to Paragraph 44 of this Decree.

5.     Defendants and their officers and employees shall cooperate in the implementation of this Decree.

6.     By agreeing to this Decree, Defendants do not admit to liability nor to the allegations contained in the Complaint. Albuquerque-AMG and AMG filed responsive pleadings in which they raised numerous affirmative defenses and in which they denied the substantive allegations contained in the Complaint and in which they denied liability.

7.     For the purpose of amicably resolving and settling all disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**II.     JURISDICTION**

8.     The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

2

9.      The Court shall retain jurisdiction of this action for the duration of the Decree for the purposes of entering all orders, judgments, and decrees which may be necessary to implement its terms and the relief provided.

### III.  TERM, SCOPE AND ISSUES RESOLVED

10.     **Term:** The duration of this Decree shall be three (3) years from the date of entry of this Decree by the Court.

11.     **Scope:** The terms of this Decree shall apply to Albuquerque-AMG and its facility in New Mexico unless otherwise specified in the Decree.

12.     **Issues Resolved**: This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII that arise from Charge of Discrimination Number 543-2019-00938 filed by Moriah Smith.

13.     **Non-Waiver of EEOC Claims:** Nothing in this Decree shall be construed to preclude EEOC from bringing suit to enforce this Decree in accordance with the enforcement provisions of Section VIII ("Enforcement of Consent Decree"). Neither does this Decree preclude EEOC from filing lawsuits based on charges not resolved in this Decree.

### IV.      MONETARY RELIEF

14.     It is hereby ordered that Albuquerque-AMG shall pay the total gross amount of $82,481.84 to Moriah Smith as designated in Section 15 below and within the time period set forth therein.

15.     Within thirty (30) days of entry of this Decree, Albuquerque-AMG shall pay to Moriah Smith $32,481.84 of the amount in satisfaction of back pay and economic losses for

Moriah Smith and $50,000.00 of the amount shall be paid in satisfaction of compensatory damages for Moriah Smith for asserted emotional pain, suffering, inconvenience, loss of enjoyment of life and other compensatory damages permitted by the Civil Rights Act of 1991. EEOC retains the sole discretion to determine the monetary allocations to be paid to Moriah Smith according to this Paragraph.

16.     Payments designated "back pay" shall be reported on IRS Form W-2. Albuquerque-AMG shall be responsible for paying its share of payroll taxes for "back pay" and, in accordance with either a newly submitted W-4 or the most recent W-4 on file with Albuquerque-AMG, withholding applicable payroll taxes owed by Smith. Payments designated as "compensatory damages" shall be reported on IRS Form 1099 by Albuquerque-AMG and shall not be subject to withholdings.

17.     Defendants will not condition the receipt of individual relief upon Moriah Smith's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case or (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency for any conduct or actions occurring for the first time after entry of this Decree; or (c) promise not to reapply for a position at any of Defendants' facilities in the United States.

18.     Within three (3) business days after payments are mailed to Moriah Smith at the address provided to Albuquerque-AMG by EEOC, Defendants shall submit to EEOC a copy of the checks issued.

19.     All costs associated with the distribution of settlement funds to Moriah Smith shall be paid by Albuquerque-AMG.

20.     As a condition to receiving the $82,481.84 amount as set forth herein, Moriah Smith will execute the release attached hereto as Exhibit "A."

## V.     OTHER INDIVIDUAL RELIEF

21.     **Personnel Files**: Within thirty (30) calendar days of the entry of this Decree and to the extent applicable, Albuquerque-AMG shall remove from Moriah Smith's personnel file (a) any and all references to the charge of discrimination filed against Albuquerque-AMG that formed the basis of this action; (b) any and all references to the allegations of discrimination filed against Defendants that formed the basis of this action; and (c) any and all references to Smith's participation in this action.

22.     **References**: Should any prospective employer request a reference for Moriah Smith and if that reference is directed to AMG's Corporate Human Resources Director located at 101 LaRue France, Suite 500, Lafayette, LA  70508 (Phone: (337) 269-9566) and if a reference is provided, the reference may only include the dates of employment with Albuquerque-AMG, Ms. Smith's job position with Albuquerque-AMG.

## VI.   EQUITABLE RELIEF

### A.     *Injunctive Relief*

23.     For the three (3) year duration of this Decree, Albuquerque-AMG and its employees and officers are permanently enjoined from engaging in any unlawful employment practice which discriminates on the basis of sex in violation of Title VII, including but not limited to sexual harassment.

### B.     *EEO Policy and Record-Retention Review*

**24.** Within ninety (90) calendar days of the entry of this Decree, Albuquerque-AMG shall, in consultation with an outside consultant, which may include an attorney ("Consultant") retained by Albuquerque-AMG and experienced in the area of EEO policy drafting and employment discrimination law, review and revise its existing EEO policies, including any, sex harassment policies. After consultation with its Consultant, Albuquerque-AMG must adopt and maintain a comprehensive policy against sex harassment and retaliation.

**25.** Albuquerque-AMG's written EEO policies, anti-harassment policies and anti-retaliation policies must include, reference or indicate at a minimum:

**25.1.** A commitment to preventing unlawful sex discrimination, including but not limited to sexual harassment.

**25.2.** A commitment to preventing retaliation;

**25.3.** A definition of sexual harassment and retaliation;

**25.4.** A statement that discrimination based on sex, including but limited to sexual harassment, and retaliation is prohibited and will not be tolerated;

**25.5.** A statement encouraging employees who believe they have been discriminated or retaliated against to report such concerns;

**25.6.** An explanation of how complaints or reports can be made by employees, including but not limited to, the identification of all specific individuals or job titles, with telephone numbers, cell phone numbers, and e-mail addresses, to whom employees can report their concerns about discrimination, harassment, or retaliation;

**25.7.**   An explanation of the steps an employee must take to report discrimination or retaliation, which include the options of either an oral or written complaint;

**25.8.**   A statement that Albuquerque-AMG will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable and conducted by an Albuquerque-AMG managerial or HR employee or outside vendor appropriately trained or experienced.

**25.9.**   A statement that appropriate corrective action will promptly be taken by Albuquerque-AMG to address and remedy the complaint;

**25.10.**   A description of the consequences, including specific disciplinary actions up to and including termination, that may be imposed upon violators of Albuquerque-AMG's anti-discrimination policies;

**25.11.**   A statement that to the maximum extent possible, Albuquerque-AMG will maintain confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation;

**25.12.**   A statement of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation; and

**25.13.**   A statement that Albuquerque-AMG views retaliation against any individual who reports harassment as unacceptable and that such conduct will be

addressed promptly and that employees who engage in unlawful retaliation will be subject to discipline, up to termination of employment.

26.     Within thirty (30) calendar days after completion of the policy review required under this Decree, the revised written EEO policies and specific policies addressing sexual harassment and retaliation shall be posted in a prominent location frequented by employees, at Albuquerque-AMG's facility in New Mexico and distributed to each current employee of Albuquerque-AMG in written form. For the duration of the Decree, the written EEO policies, anti-harassment policies and anti-retaliation policies shall also be distributed in writing to all new employees when hired by Albuquerque-AMG. Albuquerque-AMG shall make the written EEO policies, anti-harassment policies and anti-retaliation policies available in alternative formats or communicated by alternative means or methods as necessary for persons with disabilities and for persons who do not read English.

27.     Albuquerque-AMG, within one hundred twenty (120) days of entry of this Decree, shall review and revise any policies or procedures they have regarding the creation of and/or maintenance of records relating to complaints of sexual harassment and/or retaliation, including all verbal or written complaints. To the extent that no policies or procedures exist, they must be created.  Albuquerque-AMG shall instruct in its policy that all supervisors, managers, human resources personnel, as well as any persons responsible for receiving and addressing employee complaints, do the following:

27.1    Document in writing, without bias, any complaint of harassment and/or retaliation, even if the complaint is oral or the complainant does not want to provide a written statement.

8

**27.2**    Document in writing, without bias, any interview by the person(s) investigating the complaint.

**27.3**    Document in writing, without bias, all steps taken to investigate a complaint of harassment and/or retaliation.

**27.4**    Utilize a system of preservation, for all original records of complaints and subsequent investigations that ensures preservation of all documents for no less than 5 years.

**27.5**    The record-retention system shall, at a minimum, require that all records, including records of oral complaints, written complaints, anonymous complaints, notes of contact with complaining parties, notes of witness interviews and any other materials pertaining to a complaint of sexual harassment, be promptly delivered to a designated custodian of records at  Albuquerque-AMG and AMG shall also obtain and maintain an electronic copy.

### C.    *Training*

**28.**    Albuquerque-AMG shall provide EEO training, anti-harassment training and anti-retaliation training for all its employees pursuant to this Paragraph and the subparts below at least one (1) time per year for the duration of the Decree. Under this provision, employees will be trained at a minimum in the following areas: (a) Albuquerque-AMG's policy and procedures for reporting alleged discrimination; (b) the kind of conduct which may constitute unlawful discrimination or harassment; (c) the penalties of engaging in discriminatory or retaliatory behavior; (d) Albuquerque-AMG's non-retaliation policy; and (e) review of the policy statements described in the Paragraphs above.  All training under this Paragraph shall be at

Albuquerque-AMG's selection and expense. The initial required training must be offered by live presentation or by video conference presentation.  The training will be conducted as follows:

    **28.1.   Non-managerial Employees:**  Within one hundred twenty (120) calendar days of entry of this Decree and each year for the duration of this Decree, Albuquerque-AMG will provide its non-managerial employees at least one training per year as set forth in Paragraph 28 above. These non-managerial training sessions shall each be one hour training sessions for each employee at Albuquerque-AMG's healthcare facility and business location in New Mexico.  Attendance will be mandatory for every employee on the days of such training; however, if an employee cannot attend, a recording of the presentation will be presented to the employee. Each training session will focus on sex discrimination, sexual harassment, and retaliation.  New non-managerial employees hired after a training session will be required to watch the recording within sixty (60) days of their start date.  The training under this Paragraph must be provided by an outside vendor or presenter.

    **28.2.   Managerial and Supervisory Employees:**  Within one hundred twenty (120) calendar days of entry of this Decree and each year for the duration of this Decree, Albuquerque-AMG will provide managerial and supervisory personnel with a one and one-half- (1.5) hours training. Attendance will be mandatory for every managerial and supervisory employee on the days of such training; however, if a managerial or supervisory employee cannot attend, a recording of the presentation will be presented to the employee.  Each training session must address the following subjects: Title VII and other federal anti-discrimination laws, sex discrimination and sexual harassment,

retaliation, management's roles and responsibilities in preventing discrimination, harassment and retaliation, management's roles in investigations concerning discrimination, harassment and retaliation, the prohibition on retaliation against employees who make complaints of discrimination or harassment or who participate in investigations of complaints of discrimination and harassment and management's heightened responsibility to not engage in conduct, actions and communications that may be considered discriminatory, harassing or retaliatory. Additionally, Albuquerque-AMG will require managerial and supervisory employees who are newly hired or promoted into a managerial or supervisory position to watch the recording of the previously conducted presentation within sixty (60) days of the employee's start date or promotion date. This one and one-half-hour training under this Paragraph 28 must be provided by an outside vendor or presenter.

 **28.3. Human Resource Employees:** Defendants will require that employees who hold a Human Resources position at Albuquerque-AMG and AMG must participate in, up to two (2) hours per year during the Decree period, seminars that address human resources or employment law topics. The seminars may include topics addressing discrimination, harassment and retaliation in the workplace, as well as other federal laws regulating employment practices. To the extent available, topics may include complaint resolution or investigation topics. Participation in such seminars may be in person or online and may include webinars and other similar online platforms.

 **29.** Albuquerque-AMG agrees that at each training session held pursuant to Paragraph 28 above, it shall explain to employees who the Equal Employment Opportunity

Commission is and the laws it enforces, and Albuquerque-AMG will also advise that employees have the right, at no cost and without an attorney, to file a complaint or Charge of Discrimination if they believe they have been subjected to unlawful discrimination, harassment or retaliation. Albuquerque-AMG will further specify that the EEOC is an agency of the United States that is responsible for receiving and investigating complaints of discrimination from employees. Albuquerque-AMG will also provide employees with the EEOC's web address (www.eeoc.gov).

30.     The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend or observe all of the sessions. Albuquerque-AMG shall provide the Commission with thirty (30) calendar days' notice that a training session will be conducted, or alternatively, Albuquerque-AMG may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient.

### D.     *Notice Posting*

31.     Within thirty (30) calendar days after the Court's entry of this Decree, Albuquerque-AMG shall post at its facility in New Mexico, in a conspicuous place frequented by employees, the Notice attached as Exhibit B to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit B. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Albuquerque-AMG will replace it with a clean copy.  Albuquerque-AMG shall certify to the Commission, in writing, within sixty (60) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the reports required under the Reporting provisions of this Consent Decree.

### E.   *Discipline for Violation of Policies*

**32.**     Upon entry of this Decree and for the duration of this Decree, Albuquerque-AMG agrees that where it finds harassment or retaliation occurred in its facility in New Mexico, discipline will be administered to the applicable employee(s) promptly and proportionately to the conduct or behavior determined to have occurred and the severity of the infraction of Albuquerque-AMG's anti-harassment and anti-retaliation policies.

**33.**     Albuquerque-AMG acknowledges that as of the date of entry of this Decree, Diosmedys Linares is no longer be employed by it and he is not employed with AMG nor any affiliate entity.  Defendants also acknowledge that Diosmedys Linares is ineligible for rehire.

**34.**     Defendants agree that within thirty (30) calendar days of entry of this Decree, Kendra Camp will be issued a written notice of instruction directing her to report to AMG Human Resources any and all observations or information obtained by her in the course and scope of her employment with Albuquerque-AMG which involve inappropriate conduct prohibited by Albuquerque-AMG's policies on discrimination and harassment, including sexual harassment.  The written notice will also be included in Kendra Camp's personnel file for the duration of her employment with Albuquerque-AMG.

## VII. RECORD KEEPING AND REPORTING PROVISIONS

**35.**     For the duration of this Consent Decree, Albuquerque-AMG shall maintain records concerning implementation of this Consent Decree, including, but not limited to, all of the following:

13

35.1.    Personnel files for Moriah Smith, Diosmedys Linares, and Kendra Camp

for purposes of proof of the removal of information from Smith's file; the ineligibility of

Linares for future employment; and the notice in Camp's file.

35.2.    Complaints of sex harassment and sex discrimination and records

documenting investigation of such complaints, including witness statements, documents

compiled, conclusions and findings, and any corrective and remedial actions taken; and

35.3.    Documents related to the employee training described above, including

but not limited to records of attendance or participation and training or presentation

materials.

36.    Defendants shall provide an annual report to the Commission for each year of the

Decree. The reports shall be filed by December 31st of each year of the Decree except that in the

last year of the Decree the annual report will be provided to the Commission ninety (90) days

before the Decree expires.

37.    **Reporting Requirements:** Each report shall provide the following information:

37.1.    The report will include:

a.    The name and address of each person making a complaint

of sex harassment or sex discrimination to Albuquerque-AMG or to

any federal, state, or local government agency;

b.    A brief summary of each complaint, including the date of

the complaint, the name of the individual(s) who allegedly engaged in

the discriminatory conduct, the Defendants' investigation and response

to the complaint, the name of the person who investigated or

14

responded to the complaint, and what, if any resolution was reached; and

    c.      Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**37.2.**   The report shall also include:

    a.      The name and address of each person making a complaint of retaliation based on protected activity to Albuquerque-AMG or to any federal, state, or local government agency;

    b.      A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendants' investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

    c.      Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**38.**   **Training**

   **38.1**   For each training program required under this Decree, and conducted during the reporting period, Albuquerque-AMG shall submit records of attendance or participation.

   **38.2**   For each training program conducted by an outside consultant or vendor, Albuquerque-AMG will identify the consultant and/or vendor and provide a copy of the presentation materials.

**39.**    **Posting of Notice**:  Albuquerque-AMG shall recertify to the Commission that the Notice required to be posted under this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**40.**    **Policy Review**:  Within 180 days of entry of this Decree, Albuquerque-AMG shall report on the status of the EEO, anti-harassment and retaliation policy review process required above.

**41.**    **Record Keeping:**  Within 180 days of entry of this Decree, Albuquerque-AMG shall report on the creation and/or revision of any records keeping policies or practices required by this Decree, as required above.

## VIII. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**42.**    This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate.

**43.**    There is no private right of action to enforce Defendants' obligations under the Decree and only the Commission may enforce compliance herewith.

**44.**    Subject to the qualification below, the Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendants have not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**45.**    If the Commission believes that Defendants are in violation of this Decree, it will provide written notice to the applicable Defendant in order to provide an opportunity to cure the violations.  The written notice will explain the violation or violations that the Commission

believes have occurred and an explanation of what actions the Commission believes must be taken in order to remedy such violations.   Within sixty (60) days of the date of any notice of violation of this Decree from the EEOC, Defendants will make all reasonable and appropriate efforts to address and remedy any designated violations.  If Defendants do not remedy the alleged violations of this Decree within the sixty (60) day period after the date of EEOC's notice, the EEOC may seek to enforce this Consent Decree with the Court.

46.     Absent extension, this Decree shall expire by its own terms at the end of the 36thmonth from the date of entry without further action by the Parties and Defendants shall be released from this Decree and it shall no longer be in effect.

## IX.  EEOC AUTHORITY

47.     With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## X. COSTS AND ATTORNEY'S FEES

48. Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XI. NOTICE

49. Unless otherwise indicated in writing, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, or by overnight or similar carrier with an e-mail as a courtesy copy, as follows:

For Plaintiff:                                    For Defendant:

Jeff Lee                                          Joel P. Babineaux
Trial Attorney                                    BABINEAUX, POCHE',

EEOC Albuquerque Area Office
500 Gold Avenue SW, Suite 6401
P.O. Box 128
Albuquerque, NM 87103
(505)738-6723
jeff.lee@eeoc.gov

ANTHONY & SLAVICH, LLC
1201 Camellia Boulevard,
Third Floor
Lafayette, LA 70508
(337)984-2505 Main Phone
(337) 984-2503 Fax
(337) 984-7266 Direct Phone
jbabineaux@bpasfirm.com

## XII. SIGNATURES

50.     The parties agree to the entry of this Decree subject to final approval by the Court.


SO ORDERED this 22nd day of February, 2022.

BY THE COURT:


KENNETH J. GONZALES
UNITED STATES DISTRICT JUDGE

18

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

MARY

Digitally signed by
MARY ONEILL

ONEILL

Date: 2022.02.17
15:21:07 -07'00'

By:

Mary Jo O'Neill
Regional Attorney

Date: _____

ALBUQUERQUE-AMG SPECIALTY
HOSPITAL, LLC, AND ACADIANA
MANAGEMENT GROUP, LLC

By: _____

August J. Rantz, IV
President

Date: 2/17/2022

APPROVED AS TO FORM:

/s/ Jeff Lee
Jeff Lee
Trial Attorney

/s/Loretta Medina
Loretta Medina
Supervisory Trial Attorney
Equal Employment Opportunity Commission
Albuquerque Area Office
500 Gold Avenue SW, Suite 6401
PO Box 128
Albuquerque, NM 87103
(505) 738-6723
jeff.lee@eeoc.gov
loretta.medina@eeoc.gov

ATTORNEYS FOR PLAINTIFF

/s/ Joel P. Babineaux
Joel P. Babineaux
BABINEAUX, POCHE',
ANTHONY & SLAVICH, LLC
1201 Camellia Boulevard,
Third Floor
Lafayette, LA 70508
(337)984-2505 Main Phone
(337) 984-2503 Fax
(337) 984-7266 Direct Phone
jbabineaux@bpasfirm.com

19

/s/Bryan C. Garcia
Bryan C. Garcia
GARCIA LAW GROUP, LLC
6739 Academy Rd. NE, Suite 200
Albuquerque, NM 87109
Phone: (505) 629-1576
Fax: (505) 652-1337
bgarcia@garcialawgroupllc.com
Local Counsel for Defendants,
ALBUQUERQUE-AMG
SPECIALTY HOSPITAL, LLC,
And ACADIANA
MANAGEMENT GROUP, LLC,
d/b/a *AMG Integrated Healthcare
Management Hospital System.*

ATTORNEYS FOR DEFENDANTS

**EXHIBIT A**

**RELEASE**

In consideration for $82,481.84 paid to me by AMG Specialty Hospital, LLC and Acadiana Management Group, LLC d/b/a AMG Integrated Healthcare Management Hospital System, in connection with the resolution and settlement of EEOC v. AMG Specialty Hospital, LLC and Acadiana Management Group, LLC d/b/a AMG Integrated Healthcare Management Hospital System, Civil Action No. 1:21-cv-00363-KG-KRS, I release and waive my right to recover for any claims of sex discrimination, sexual harassment,  and constructive discharge arising under Title VII of the Civil Rights Act of 1964 ("Title VII") that I had prior to the date of this release and, that were included in the claims alleged in EEOC's complaint in EEOC v. AMG Specialty Hospital, LLC and Acadiana Management Group, LLC d/b/a AMG Integrated Healthcare Management Hospital System, Civil Action No. 1:21-cv-00363-KG-KRS.  This release includes relief sought on my behalf in the EEOC's Complaint under Title VII and the Civil Rights Act of 1991, including back pay, prejudgment interest, front pay, loss of benefits, reinstatement, compensatory damages, which includes emotional harm damages, punitive damages, equitable relief and injunctive relief.

_____
Moriah Smith

_____
Date

21

**EXHIBIT B**
**NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in <u>EEOC v. Albuquerque-AMG Specialty Hospital, LLC, and Acadiana Management Group, LLC d/b/a AMG Integrated Healthcare Management Hospital System</u> filed in the United States District Court for the District of New Mexico, Civil Action No. 1:21-cv-00363-KG-KRS (D. NM).

Pursuant to Title VII, it is unlawful for an employer to discriminate based upon the sex of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Albuquerque-AMG will not tolerate any form of sexual harassment or sex discrimination, including but not limited to:

- Unwanted sexual advances;
- Unwanted touching, groping, or other physical or verbal conduct of a sexual nature;
- Sexual comments or innuendo;
- Requests for sexual favors;
- Any demeaning, intimidating, threatening, or hurtful comments or behavior that shows hostility toward individuals because of their sex; or
- Treating female employees less favorably than male employees.

If you personally experience or witness any of the above types of behavior or any other form of sexual harassment, hostility, or disparate treatment because of sex, you are encouraged to contact one of the following persons, all of whom are equipped to communicate with you in either English and Spanish or can refer you to an individual who can help you who is able to communicate in your preferred language:

- Equal Employment Opportunity Commission
  500 Gold Avenue SW, Suite 6401
  PO Box 128
  Albuquerque, NM 87103
  (505) 738-6750

In compliance with federal law, no official at Albuquerque-AMG will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of three (3) years.

Albuquerque-AMG Specialty Hospital, LLC,

By: _____
     Name                 Title                 Date